NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  ESIP SERIES 2, LLC,**
*Petitioner*

---

2021-164

---

On Petition for Writ of Mandamus to the United States Patent and Trademark Office in No. IPR2017-02197.

---

## ON PETITION

---

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges*.

REYNA, *Circuit Judge*.

## O R D E R

ESIP Series 2, LLC petitions this court for a writ of mandamus arising out of the United States Patent and Trademark Office (PTO)'s refusal to take up ESIP's request for Director review in a closed matter.  The PTO and Puzhen Life USA, LLC oppose.  ESIP replies.

Puzhen petitioned for *inter partes* review (IPR) of claims 1, 3, and 17 of ESIP's U.S. Patent No. 9,415,130 (the '130 patent).  The Patent Trial and Appeal Board, acting on behalf of the Director, instituted as No. IPR2017-02197 over ESIP's objection that the petition failed to comply with 35 U.S.C. § 312(a)(2).  In its final written decision, the

Board reaffirmed that conclusion. The Board further concluded that the claims were shown by Puzhen to be obvious.

ESIP appealed the Board's decision to this court. On appeal, this court affirmed the Board's obviousness determination. *ESIP Series 2, LLC v. Puzhen Life USA, LLC*, 958 F.3d 1378 (Fed. Cir. 2020). Citing *Thryv, Inc. v. Click-to-Call Technologies, LP*, 140 S. Ct. 1367 (2020), this court further held that it was barred from reviewing the Board's § 312(a)(2) determination because of 35 U.S.C. § 314(d), which makes the determination to institute review "final and nonappealable." After the Supreme Court denied certiorari in October 2020, the PTO issued an IPR certificate cancelling claims 1, 3, and 17 of the '130 patent.

On June 21, 2021, the Supreme Court issued its decision in *United States v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021). In *Arthrex*, the Court held that the IPR scheme violates the Appointments Clause in failing to allow for a principal constitutional officer to review the final action of the administrative patent judges. The Court held that the proper remedy was for the Director to "review final PTAB decisions and, upon review, . . . issue decisions himself on behalf of the Board." *Arthrex*, 141 S. Ct. at 1987. The PTO then implemented an interim rule requiring requests for Director review be filed within 30 days of a final written decision or decision on rehearing. *Cf.* 37 C.F.R. § 42.71(d).

ESIP then filed a petition for Director review "of Board decisions in . . . [No.] IPR2017-02197" in view of *Arthrex*. Ex. 1 to ECF No. 2 at 1. ESIP received an email response on July 16, 2021, stating that the petition for Director review "was not filed with[in] 30 days of the entry of a final written decision or a decision on rehearing by a PTAB panel. Thus, request for Director review is untimely." Ex. 2 to ECF No. 2 at 1. ESIP then petitioned this court for a writ of mandamus to direct the Acting Director to review ESIP's petition for review and to hold as unlawful the PTO's 30-day deadline for requesting Director review.

In response to this court's inquiry, ESIP contends that it can directly appeal from the PTO's email. We reject this contention. ESIP's request was akin to a request to reopen or reconsider the closed IPR based on the belief that the Board misapplied § 312(a)(2) to the facts here and misapprehended the asserted prior art. The Supreme Court has made clear that where, as here, such request is based merely on assertions of "material error"—that is, because it was erroneously made, not because of changed circumstances or newly discovered evidence—the agency's refusal to grant such request is committed to the agency's discretion and not subject to judicial review. *ICC v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 271, 280 (1987).

We also reject ESIP's petition to grant mandamus to compel the Acting Director to consider its request. Mandamus is available only where the petitioner shows: (1) a clear and indisputable right to relief; (2) there are no adequate alternative legal channels to obtain that relief; and (3) the grant of mandamus is appropriate under the circumstances. *See Cheney v. U.S. Dist. Ct. for D. C.*, 542 U.S. 367, 380–81 (2004). ESIP has failed to satisfy that standard here. ESIP could have raised an Appointments Clause challenge and sought rehearing in its prior appeal. Moreover, ESIP has not pointed to any clear and indisputable authority that the PTO violated in refusing to reopen and rehear this particular matter, which is subject to a final judgment and cancellation certificate.

Accordingly,

IT IS ORDERED THAT:

4                                          IN RE: ESIP SERIES 2, LLC

The petition is denied.

FOR THE COURT

October 14, 2021                 /s/ Peter R. Marksteiner
        Date                     Peter R. Marksteiner
                                 Clerk of Court

s35